IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEVITICUS LEE LEVERITT,<br><br>Defendant. | CR 18–19–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Leviticus Lee Leveritt's Unopposed Motion for Early Termination of Supervision. (Doc. 201.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer Preston Tescher defers to the Court's discretion regarding Defendant's request for early termination of supervised release. (*Id.*) For the reasons below, the Court grants the motion.

## Background

On May 9, 2019, Defendant was sentenced for aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2). (Doc. 120.) The Court sentenced Defendant to 30 months of imprisonment as to both counts, to run concurrent, followed by three years of supervised release as to both counts, to run concurrent. (*Id.*) Defendant began

serving his term of supervision on February 1, 2021.  (Doc. 174 at 1.)  On September 28, 2022, the Court revoked Defendant's supervised release after he admitted to 16 violations of the conditions of supervised release.  (Doc. 189.)  Defendant was sentenced to 45 days of imprisonment, followed by 33 months of supervised release.  (*Id.* at 2–3.)  Defendant began his current term of supervised release on October 13, 2022.  Defendant is scheduled to discharge from supervision on July 15, 2025.  (Doc. 202 at 2.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3564.  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has not had any positive drug tests since March 2023. (Doc. 202 at 4.) Defendant enrolled in substance abuse counseling and completed a relapse prevention plan. (*Id.*) Further, Defendant has started his own business and maintained stable housing. (*Id.*) United States Probation Officer Preston Tescher reports that Defendant has remained in compliance since March 2023 when Defendant completed a drug testing program through Gallatin County Re-Entry Program. (*Id.* at 4.) Officer Tescher further informs the Court that Defendant "has made great changes in his life." (*Id.* at 5.) The Court is encouraged by Defendant's continued sobriety and believes Defendant can live a lawful and productive life without supervision.

Thus, weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 201) is GRANTED. Leviticus Lee Leveritt's term of supervised release is TERMINATED as of the date of this Order.

DATED this 12th day of July, 2024.

3

_____
Dana L. Christensen, District Judge
United States District Court